08-0032-cv
Paola v. Spada

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of April, two thousand ten.

PRESENT:

JOSÉ A. CABRANES,
REENA RAGGI,
PETER W. HALL,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSEPH PAOLA,

*Plaintiff-Appellant*,

-v.-                                                     No. 08-0032-cv

ARTHUR L. SPADA, I/O, Ct Dept. of Pub Safety, GEORGE LUTHER, I/O, Deputy Comm, CT Dept of Pub Safety, and JOHN BLASCHIK, I/O, Deputy State Fire Marshall, CT Dept of Pub Safety,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COUNSEL FOR APPELLANT:**    JACQUES J. PARENTEAU, Madsen, Prestley & Parenteau, LLC, New London, CT

**COUNSEL FOR APPELLEE:**    HUBERT J. SANTOS (Sandra L. Snaden, *on the breif*), Santos & Seeley, P.C., Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

1

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED**.

Plaintiff Joseph Paola, formerly a Connecticut State Trooper assigned to the Office of the State Fire Marshal, appeals from a December 19, 2007 judgment of the District Court granting, upon reconsideration, defendants' motion for summary judgment on plaintiff's First Amendment retaliation claim. *See Paola v. Spada*, No. 03CV1628, slip op. (D. Conn. Dec. 7, 2007).[1] The District Court had previously denied summary judgment on plaintiff's First Amendment retaliation claim, but granted summary judgment on a related Equal Protection claim. *See Paola v. Spada*, 498 F. Supp. 2d 502 (D. Conn. 2007). The Equal Protection claim is not part of this appeal. For our purposes, the relevant question addressed by the District Court on both occasions is whether plaintiff's oral and written complaints to Internal Affairs about his supervisor's alleged mismanagement and potentially unlawful conduct were made "pursuant to [his] official duties," *Garcetti v. Ceballos*, 547 U.S. 410, 413 (2006), and therefore not entitled to First Amendment protection. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the District Court's grant of summary judgment *de novo*. *See, e.g.*, *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For a government employee's speech to be protected by the First Amendment, that speech must not have been made pursuant to the employee's official duties. *See Garcetti*, 547 U.S. at 421; *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 201 (2d Cir. 2010). Speech can be made "pursuant to a public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer." *Weintraub*, 593 F.3d at 203 (internal quotation marks omitted).

Paola's speech was made pursuant to his official duties. The record contains much evidence that state troopers must report potential wrongdoing either up the chain of command or to an Internal Affairs officer. Specifically, the employee manual states that "[n]o employee shall fail to report information to a superior, which may prove detrimental to the department." J.A. 193. Moreover, a state trooper captain stated in his affidavit that "it is understood among sworn officers . . . that a trooper is required to report wrongdoing of a fellow officer to chain of command or Internal Affairs." J.A. 197. Paola reported potential wrongdoing to Internal Affairs, as was part of his duty as a state trooper.

---

[1] The District Court's explanation for the judgment, contained in a Ruling on Motion for Reconsideration dated December 7, 2007, was not published and is not available in either the Lexis or Westlaw electronic databases. Therefore, all citations to that document will be to the slip opinion.

Because we conclude that Paola's speech was made pursuant to his official duties as a state trooper, we must conclude that his speech is not protected by the First Amendment. *See Garcetti*, 547 U.S. at 421; *Weintraub*, 593 F.3d at 201. Accordingly, the District Court did not err in granting summary judgment for defendants.

## CONCLUSION

For the reasons stated above, we **AFFIRM** the December 19, 2007 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk